1   FENNEMORE CRAIG, P.C.
    Anthony W. Austin (No. 025351)
2   Philip L. Brailsford (No. 032074)
    2394 East Camelback Road, Suite 600
3   Phoenix, AZ  85016-3429
    Telephone:  (602) 916-5000
4   Email:  aaustin@fclaw.com
    Email:  pbrailsford@fclaw.com
5
    *Attorneys for Plaintiff*
6   *HIP Lending Group, LLC*

7                    UNITED STATES DISTRICT COURT

8                        DISTRICT OF ARIZONA

9   HIP Lending Group, LLC, an Arizona        No:
    limited liability company,
10                                            **VERIFIED COMPLAINT**
                    Plaintiff,
11
         v.
12
    Goalz Restaurant Group, LLC, a Wyoming
13  limited liability company; Goalz CD Pooler
    GA, LLC, a Wyoming limited liability
14  company; Goalz Dairy Denver NC, LLC,
    formerly known as Goalz DQ Denver NC,
15  LLC, a Wyoming limited liability company;
    Goalz Dairy Ft Pierce FL, LLC, a Florida
16  limited liability company; Goalz DH Springs
    CO, LLC, a Wyoming limited liability
17  company; Goalz DH Georgetown KY 111,
    LLC, a Wyoming limited liability company;
18  Goalz DH IL 107, LLC, an Illinois limited
    liability company; Goalz DH IL 109, LLC,
19  an Illinois limited liability company; Goalz
    DH Slidell LA 112, LLC, a Wyoming
20  limited liability company; Goalz Restaurant
    Group COWY, LLC, a Wyoming limited
21  liability company; Goalz Restaurant Group
    FLA, LLC, a Wyoming limited liability
22  company; Goalz Restaurant Group KTY,
    LLC, a Wyoming limited liability company;
23  Goalz Restaurant Group NCSC, LLC, a
    Wyoming limited liability company; and
24  Shawn Eby, a Wyoming resident,

25                  Defendants.

26

27        Plaintiff HIP Lending Group, LLC ("Plaintiff") for its *Verified Complaint* alleges

28  the following:

**PARTIES, JURISDICTION AND VENUE**

1.      Plaintiff is an Arizona limited liability company with a principal place of business at 2999 North 44th Street, Suite 400, Phoenix, Arizona 85018.

2.      Defendant Goalz Restaurant Group, LLC, is a Wyoming limited liability company with a principal place of business at 9432 Aspen Pointe Lane, Cheyenne, Wyoming 82009.

3.      Defendant Goalz CD Pooler GA, LLC, is a Wyoming limited liability company with a principal place of business at 9432 Aspen Pointe Lane, Cheyenne, Wyoming 82009.

4.      Defendant Goalz Dairy Denver NC, LLC, formerly known as Goalz DQ Denver NC, LLC, is a Wyoming limited liability company with a principal place of business at 9432 Aspen Pointe Lane, Cheyenne, Wyoming 82009.

5.      Defendant Goalz Dairy Ft Pierce FL, LLC, is a Florida limited liability company with a principal place of business at 2716 U.S. Highway 1, Fort Pierce, Florida 34982.

6.      Defendant Goalz DH Springs CO, LLC, is a Wyoming limited liability company with a principal place of business at 9432 Aspen Pointe Lane, Cheyenne, Wyoming 82009.

7.      Defendant Goalz DH Georgetown KY 111, LLC, is a Wyoming limited liability company with a principal place of business at 9432 Aspen Pointe Lane, Cheyenne, Wyoming 82009.

8.      Defendant Goalz DH IL 107, LLC, is an Illinois limited liability company with a principal place of business at 9432 Aspen Pointe Lane, Cheyenne, Wyoming 82009.

9.      Defendant Goalz DH IL 109, LLC, is an Illinois limited liability company with a principal place of business at 9432 Aspen Pointe Lane, Cheyenne, Wyoming 82009.

10.      Defendant Goalz DH Slidell LA 112, LLC, is a Wyoming limited liability company with a principal place of business at 9432 Aspen Pointe Lane, Cheyenne, Wyoming 82009.

11.     Defendant Goalz Restaurant Group COWY, LLC, is a Wyoming limited liability company with a principal place of business at 9432 Aspen Pointe Lane, Cheyenne, Wyoming 82009.

12.     Defendant Goalz Restaurant Group FLA, LLC, is a Wyoming limited liability company with a principal place of business at 9432 Aspen Pointe Lane, Cheyenne, Wyoming 82009.

13.     Defendant Goalz Restaurant Group KTY, LLC, is a Wyoming limited liability company with a principal place of business at 9432 Aspen Pointe Lane, Cheyenne, Wyoming 82009.

14.     Defendant Goalz Restaurant Group NCSC, LLC, is a Wyoming limited liability company with a principal place of business at 9432 Aspen Pointe Lane, Cheyenne, Wyoming 82009.

15.     Defendant Shawn Eby is a Wyoming resident.

16.     Each and every Defendant is collectively referred to as "Defendants."

## JURISDICTION AND VENUE

17.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). This is an action between citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

18.     Venue is proper in this Court because Plaintiff is a resident of this District and Defendants are subject to personal jurisdiction in this District, having caused (1) a substantial portion of the events or omissions giving rise to the claims in this action to occur in this District, and (2) the harm resulting from Defendants' actions to impact Plaintiff in this District.  28 U.S.C. § 1391(a).  Additionally, all parties consented to venue in Arizona. No more suitable venue exists.

## GENERAL ALLEGATIONS

A.     **Corporate Structure**

19.     Defendants are part of a corporate family of entities that operate quick service restaurants in Wyoming, Colorado, Illinois, Kentucky, Florida, Georgia, North Carolina,

South Carolina, and Louisiana.  These restaurants are operated pursuant to franchise agreements with Dog Haus, Church's Chicken, Dairy Queen, and Captain D's.

20.     In general, Goalz Restaurant Group, LLC ("GRG") owns membership interests in all of the remaining Defendants either directly or indirectly.  A true and correct copy, as provided to Plaintiff, of the corporate structure of Defendants as of February 25, 2020 is attached hereto as **Exhibit A**.

21.     GRG operates as the management company for the remaining Defendants in the operation of the respective quick service restaurant owned by the particular Defendant.

22.     In addition to Defendants, GRG holds majority membership interests in the following entities:

        a.     DH Cheyenne WY, LLC

        b.     CD Lincolnton NC, LLC

        c.     CD Lancaster SC, LLC

        d.     CD Shelbyville KY, LLC

        e.     Dairy Commerce City CO, LLC

        f.     Dairy Fed Highway FL, LLC

        g.     Dairy Traditions FL, LLC

23.     Through its wholly owned holding company GRG COWY, LLC, GRG holds a majority membership interest in CC Cheyenne WY, LLC.

24.     Through its wholly owned holding company GRG FLA, LLC, GRG holds majority membership interests in CC Apopka FL, LLC and CC Melbourne FL, LLC.

25.     GRG KTY, LLC doing business as CC Dixie Hwy is a wholly owned subsidiary of GRG.

26.     GRG NCSC, LLC doing business as CC Huntsville AL is a wholly owned subsidiary of GRG.

27.     Through its wholly owned holding company GRG NCSC LLC, GRG holds majority membership interests in:

        a.     CC Lincolnton NC, LLC

1        b.     CC Lancaster SC, LLC

2 (collectively, these entities are referred to as the "Subsidiary LLCs").

3       28.     Shawn Eby is the Chief Executive Officer for each of Defendants.

4 **B.**    **Plaintiff's Loans to Defendants**

5       29.     In September 2018, Defendants and Plaintiff entered into a loan agreement

6 through which Plaintiff agreed to, and did, loan $800,000 through multiple advances. A

7 true and correct copy of the Loan, Guaranty and Security Agreement dated September 4,

8 2018 is attached hereto as **Exhibit B** (the "Loan Agreement").

9       30.     In connection with the Loan Agreement, Defendants granted a security

10 interest in the following assets whether then owned or subsequently acquired or created:

> All Accounts, Chattel Paper, Goods (including all Inventory, Equipment and Fixtures), Documents, Instruments, General Intangibles (including Payment Intangibles), Investment Property, Letter-of-Credit Rights, Supporting Obligations, Commercial Tort Claims, Other Property, and Borrower's limited liability membership interests in its Subsidiaries; all Proceeds and products of all of the foregoing (including Proceeds of any insurance policies and claims against third parties for loss or any destruction of any of the foregoing); and all Records relating to any of the foregoing.

17 (the foregoing assets are collectively referred to as the "Collateral"). *See* Section 5.1 of the

18 Loan Agreement.

19       31.     Plaintiff perfected its security interest in the Collateral by filing UCC-1

20 Financing Statements in the respective states. True and correct copies of the UCC-1

21 Financing Statements are attached hereto as **Exhibit C**.

22       32.     The Subsidiary LLCs guaranteed the obligations under the Loan Agreement

23 and agreed that each is "jointly and severally liable for, and absolutely and unconditionally

24 guarantees to Lender the prompt payment and performance of, all Obligations." *See* Section

25 12.1. of the Loan Agreement.

26       33.     In March 2019, Defendants required additional capital and the Loan

27 Agreement was amended to provide for an additional $1,000,000.00, which was funded by

28 Plaintiff. A true and correct copy of the Amended and Restated Loan, Guaranty and

FENNEMORE CRAIG, P.C.
PHOENIX

- 5 -

15620705

Security Agreement dated March 19, 2019 is attached hereto as **Exhibit D** (the "Amended Loan Agreement").

34.     In connection with the Amended Loan Agreement, Defendants granted a security in the Collateral, which was perfected by Plaintiff through the filing of UCC-1 Financing Statements.  *See* Ex. C.

35.     As with the Loan Agreement, each Subsidiary LLC unconditionally guaranteed the amounts borrowed.  *See* Section 12.1 of the Amended Loan Agreement.

36.     One month later, additional funds were required by Defendants and the parties entered into the Second Amended and Restated Loan, Guaranty and Security Agreement, which increased the amount borrowed (and actually loaned) to $3,000,000.00.  A true and correct copy of the Second Amended and Restated Loan, Guaranty and Security Agreement dated April 29, 2019 is attached hereto as **Exhibit E** (the "Second Amended Loan Agreement").

37.     In connection with the Second Amended Loan Agreement, Defendants granted a security in the Collateral, which was perfected by Plaintiff through the filing of UCC-1 Financing Statements.  *See* Ex. C.

38.     As with the Loan Agreement and Amended Loan Agreement, each Subsidiary LLC unconditionally guaranteed the amounts borrowed.  *See* Section 12.1 of the Second Amended Loan Agreement.  Additionally, as GRG created new Subsidiaries (defined as those entities which GRG held 51% or more of the membership interests), those entities became guarantors under the Second Amended Loan Agreement.  *See* Section 8.2 of the Second Amended Loan Agreement.

39.     Defendant Eby also unconditionally guaranteed the amounts borrowed.  *See* Shawn Eby's Continuing Guaranty attached hereto as **Exhibit F**.

40.     The Second Amended Loan Agreement was to be repaid through thirty-six (36) monthly payments of accrued interest and principal beginning on January 1, 2020.  Each monthly payment was due on the first of each month until paid in full.  The entire principal balance of the loan was due with all interest, fees, and other charges on

January 1, 2023, if not otherwise accelerated.

41.     Interest accrues on the principal balance at the rate of fifteen percent.  After an event of default, interest accrues at the default rate of twenty-five percent.

**C.     Defendants' Operations Struggle**

42.     As hinted at above, Defendants have consistently had cash flow issues that have hampered their operations and ability to repay obligations – including Plaintiff's loan.

43.     Despite the $3,000,000.00 loan to Defendants, the operations of Defendants have consistently lost money to the point that Defendants have struggled to make payroll without additional advances from Plaintiff.

44.     Subsequent to the Second Amended Loan Agreement, Plaintiff made these additional loans to Defendants.

45.     In August 2019, GRG caused GRG NCSC, LLC d/b/a CC Huntsville AL to cease operations and close down the Church's Chicken that it had been operating without notice or consent of the franchisor.  GRG was able to avoid a complete termination of the franchise agreement by entering into a promissory note in the amount of $283,093.00 for the damages suffered by the franchisor.  A true and correct copy of the promissory note is attached hereto as **Exhibit G**.  The note provides that any default thereunder is a default upon all franchise agreements with the franchisor.  *Id.* at ¶ 6.  In early March 2020, GRG and GRG NCSC, LLC failed to make the requisite payments and a notice of default was sent.  A true and correct copy of the notice is attached hereto as **Exhibit H**.

46.     On March 5, 2020, in addition to the financial defaults, Defendants received two notices of default for failure to abide by the operational terms of the franchise agreement with Church's Chicken.  True and correct copies of the notices are attached hereto as **Exhibit I**.  As noted above, these violations threaten the franchise agreements for all Defendants who operate under the Church's Chicken flag.

47.     As of February 2020, Defendants had outstanding payables (not including payments to Plaintiff) in excess of $1,000,000.00.

48.     Despite these struggles and serious cash flow issues, Defendants have, at Mr.

Eby's direction, prioritized the payment of Mr. Eby's salary over other creditors – including rent, utilities, and payroll.  True and correct copies of correspondence from Mr. Eby are attached hereto as **Exhibit J**.

49.    Further in February 2020, Defendants, at Mr. Eby's direction, increased Mr. Eby's wife's salary from $50,000 to $75,000 despite consistent shortfalls in making payroll and payment of other expenses.

50.    At that same time, Defendants also increased the pay of Defendants' marketing person from $50,000 to $65,000 with no explanation.

51.    Plaintiff is further informed that in early March 2020, Defendants have received disconnect notices from various utilities for non-payment.  *See* email correspondence between Mr. Eby and Ms. Hartrick dated March 9, 2020, a true and correct copy of which is attached hereto as **Exhibit K**.

52.    Additionally, Defendants have received notices of default from landlords of various stores with the threat of lockouts being instituted if payment is not received.  True and correct copies of the notices are attached hereto as **Exhibit L**.

**D.    Goalz Default**

53.    In addition to the financial and managerial issues discussed above, Defendants have failed to make any payment to Plaintiff as required under the Second Amended Loan Agreement.

54.    On March 2, 2020, Plaintiff hand delivered a notice of default and opportunity to cure to Mr. Eby as required by the Second Amended Loan Agreement.  A true and correct copy of the notice is attached hereto as **Exhibit M**.  Defendants had five days to cure the defaults set forth therein or an event of default will have been deemed to occur.

55.    Upon an event of default, Plaintiff is entitled to exercise a variety of remedies, including acceleration, imposition of default interest rate, and foreclosure.  Defendants have also agreed that Plaintiff "may, in its discretion, petition for and obtain the appointment of a receiver to take possession of any or all of the Collateral and to operate any Obligor's business and to exercise such rights and powers as the court appointing such receiver shall

FENNEMORE CRAIG, P.C.
PHOENIX
15620705

confer upon such receiver . . . ."  *See* Exhibit E Section 9.2.

56.    Despite the notice and opportunity to cure, Defendants failed to cure, or make any arrangements to cure, the defaults under the Second Amended Loan Agreement.

57.    On March 10, 2020, Plaintiff delivered its notice of acceleration and demand for payment of the amounts due under the Second Amended Loan Agreement.  *See* Plaintiff's Notice, a true and correct copy of which is attached hereto as **Exhibit N**.  As of March 9, 2020, Defendants were obligated to Plaintiff in the amount of $3,377,869.48, which represents outstanding principal and accrued interest.  In addition to these amounts, Plaintiff is entitled to its attorneys' fees and costs.

58.    Given the deteriorating nature of Defendants' financial situation, the threatened termination of the franchise agreements, and potential lockouts by landlords, a receiver is necessary to protect Plaintiff's collateral from further deterioration.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

59.    Plaintiff repeats and realleges the foregoing allegations as if set forth fully herein.

60.    The Second Amended Loan Agreement is binding contracts between Plaintiff and Defendants.

61.    Plaintiff has met all duties and obligations owed to Defendants under the parties' contracts.

62.    Defendants breached the Second Amended Loan Agreement by, among other things, failing to make payments due and owing under the Second Amended Loan Agreement.

63.    Defendants' actions further breached the duty of good faith and fair dealing owed to Plaintiff by denying Plaintiff the benefits it expected to earn from the Second Amended Loan Agreement.

64.    Defendants' breach of the Second Amended Loan Agreement and breach of the duty of good faith and fair dealing directly and proximately damaged Plaintiff in an

1    amount to be proven at trial.

2         65.     Defendants are directly liable to Plaintiff for its damages.

3         66.     The amounts due and owing under the Second Amended Loan Agreement are

4    just, true and owing.  There are no set-offs or defenses to the amounts owing under the

5    Second Amended Loan Agreement.

6         67.     These past and future payments are a liquidated amount; therefore, Plaintiff

7    is entitled to pre-judgment interest.

8         68.     Plaintiff is entitled to recover its attorneys' fees in bringing this action

9    pursuant to the Second Amended Loan Agreement, A.R.S. §§ 12-341 and 12-341.01, and

10   other applicable law.

11                          **<u>SECOND CAUSE OF ACTION</u>**

12                                **(Unjust Enrichment)**

13        69.     Plaintiff repeats and realleges the foregoing allegations as if set forth fully

14   herein.

15        70.     Defendants have received funds from Plaintiff as evidenced by the Second

16   Amended Loan Agreement and agreed to repay the loans pursuant to the terms of the

17   Second Amended Loan Agreement.

18        71.     Defendants have failed to repay the amounts borrowed.

19        72.     Plaintiff has conferred a benefit on Defendants by providing the loaned funds

20   to Defendants, which Defendants have not repaid, and in conferring that benefit, Plaintiff

21   has suffered an impoverishment.

22        73.     Defendants have been unjustly enriched and have failed to compensate

23   Plaintiff for the conferral of its benefit to Defendants.

24        74.     Plaintiff has suffered damages in an amount not less than $3,377,869.48 plus

25   accrued and accruing late fees and interest due at the Default Rate from March 9, 2020,

26   until the date of judgment and thereafter until paid in full.

27        75.     Plaintiff is entitled to recover its attorneys' fees in bringing this action

28   pursuant to the Second Amended Loan Agreement, A.R.S. §§ 12-341 and 12-341.01, and

FENNEMORE CRAIG, P.C.
PHOENIX

15620705

1  other applicable law.

2  **THIRD CAUSE OF ACTION**

3  **(Breach of Implied Covenant of Good Faith and Fair Dealing)**

4      76.    Plaintiff repeats and realleges the foregoing allegations as if set forth fully

5  herein.

6      77.    The Second Amended Loan Agreement between Plaintiff and Defendants are

7  valid and binding contracts, and Plaintiff has complied with all material provisions therein.

8      78.    Arizona law implies a covenant of good faith and fair dealing in every

9  contract.

10      79.    Defendants have breached the implied covenant of good faith and fair dealing

11  by, among other things, refusing to pay the amounts due under the Second Amended Loan

12  Agreement.

13      80.    As a direct and proximate result of Defendants' breach of the implied

14  covenant of good faith and fair dealing, Plaintiff has been damaged in an amount not less

15  than $3,377,869.48 plus accrued and accruing late fees and interest due at the Default Rate

16  from March 9, 2020, until the date of judgment and thereafter until paid in full.

17      81.    Plaintiff is entitled to recover its attorneys' fees in bringing this action

18  pursuant to the Second Amended Loan Agreement, A.R.S. §§ 12-341 and 12-341.01, and

19  other applicable law.

20  **FOURTH CAUSE OF ACTION**

21  **(Breach of Guaranty)**

22      82.    Plaintiff repeats and realleges the foregoing allegations as if set forth fully

23  herein.

24      83.    The Second Amended Loan Agreement is a contract between Plaintiff and

25  Defendants.

26      84.    Plaintiff has fulfilled all duties owed to Defendants under the parties' Second

27  Amended Loan Agreement.

28      85.    Defendants breached the Second Amended Loan Agreement by failing to

FENNEMORE CRAIG, P.C.
PHOENIX

15620705

meet the obligations owed to Plaintiff under the Second Amended Loan Agreement.

86.     Defendants further breached the duty of good faith and fair dealing owed to Plaintiff by denying Plaintiff the benefits it expected to receive under the Second Amended Loan Agreement.

87.     Defendants' breach of the Second Amended Loan Agreement and breach of the duty of good faith and fair dealing directly and proximately damaged Plaintiff in an amount to be proven at trial.

88.     Defendants are directly liable to Plaintiff for its damages.

89.     The debts owing under the Second Amended Loan Agreement are just, true and owing.   There are no set-offs or defenses to the amounts owing under the Second Amended Loan Agreement.

90.     These past and future amounts owed are a liquidated amount; therefore, Plaintiff is entitled to pre-judgment interest.

91.     Plaintiff is entitled to recover its attorneys' fees in bringing this action pursuant to the Second Amended Loan Agreement, A.R.S. §§ 12-341 and 12-341.01, and other applicable law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendants in favor of Plaintiff as follows:

A.     Awarding compensatory damages against Defendants in an amount not less than $3,377,869.48, of March 9, 2020, plus accrued and accruing late fees and interest due at the Default Rate from March 9, 2020, until the date of judgment and thereafter until paid in full;

B.     Awarding taxable costs pursuant to A.R.S. § 12-341;

C.     Awarding reasonable attorneys' fees, pursuant to A.R.S. ¶ 12-341.01; and

D.     Granting such additional relief as the Court deems just and proper.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED this 16th day of March, 2020.

FENNEMORE CRAIG, P.C.


By _s/ Anthony W. Austin_
        Anthony W. Austin
        Philip L. Brailsford
        *Attorneys for Plaintiff*
        *HIP Lending Group, LLC*

1

**VERIFICATION**

2    ` The undersigned declares under penalty of perjury that he has read the foregoing

3    Complaint and knows the contents thereof; that the same is true to his knowledge, except

4    as to such matters that are stated upon information and belief, and as to said last mentioned

5    matters he believes them to be true.

6        Dated this 13th day of March, 2020

7                                        PLAINTIFF:

8                                        HIP Lending Group, LLC,
                                         an Arizona limited liability company
9
                                         By:  Hannay Investment Properties, Inc.,
10                                             an Arizona corporation,
                                               Manager
11
                                         By: _____
12                                            R. Craig Hannay, President

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FENNEMORE CRAIG, P.C.
PHOENIX

- 14 -

15620705