**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| HIP Lending Group LLC, | No. CV-20-00544-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Goalz Restaurant Group LLC, et al., | |
| Defendants. | |

Pending before the Court is Matthew Gerhard's ("Movant") Motion for Summary Judgment. (Doc. 131). The Receiver, GlassRatner Advisory & Capital Group, LLC d/b/a/ B. Riley Advisory Services, by and through Joseph Pegnia (the "Receiver") has filed an objection. (Doc. 135). Also pending is Movant's Motion Requesting Payment, (Doc. 91), which was previously brought on the same arguments and grounds for relief as the newly filed summary judgment motion. The Receiver also filed an objection to that motion. (Doc. 97.) Given the common ground of the claims and defenses, the Court will dispose of both motions in this order. By this decision, the Court also address Movant's Motion for Ruling. (Doc. 109). The Court has considered the submitted pleadings and relevant case law and now issues the following decision.

**I. BACKGROUND**

Movant is a former employee of Goalz Restaurant Group, LLC ("Goalz"). (Doc. 91). Movant alleges lost wages, medical bills, and other expenses during his employment with Goalz. (Doc. 91). Movant filed a motion to collect these monetary amounts from Goalz and the former CEO, Defendant Shawn Eby. (Doc. 91). Goalz and its subsidiaries

are currently under receivership. (Doc. 91). An order signed by this Court on September 29, 2020 amended the original June 02, 2020 receivership order ("Receivership Order") and allowed Movant to pursue claims against Defendant Shawn Eby. (Doc. 81). The Receiver filed an objection to the motion alleging that the Receivership Order enjoined both former and current employees from collecting claims. (Doc. 135). Moreover, the Receiver alleged the Receivership Order did not permit payment to Movant because the amounts were incurred prior to the Receivership and that Movant's claims did not have priority. (*Id.*)

Movant has filed additional motions in support of his initial motion for recovery of losses and expenses. (Docs. 96, 107, 109). Movant later filed a Motion for Summary Judgment on his motions. (Doc. 131). The Receiver filed an objection to the Motion for Summary Judgment. (Doc. 135).

**II. LEGAL STANDARD**

Under Federal Rule of Civil procedure 56(a), a party who moves for summary judgment must show that there exists "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment can only be entered when the non-moving party cannot establish an essential element "on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). When determining whether the movant met the initial burden, the court reviews the evidence "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

If the movant fails to meet their initial burden, then the non-movant will not bear the burden of responding and summary judgment will be denied. *Celotex*, 477 U.S. at 322. If the movant meets their burden, then the non-movant needs to establish that there exists a "genuine issue of material fact." *Id.* at 585. When showing that a "genuine issue of material fact exists," the non-movant must "go beyond the pleadings" and utilize affidavits, "depositions, answers to interrogatories, or admissions on file." *Gasaway v. Northwestern*

*Mut. Life Ins. Co.*, 26 F.3d 957, 959 (9th Cir. 1994) (quoting *Celotex*, 477 U.S. at 323).

## III. DISCUSSION

### A. Former Employees Enjoined from Pursuing Claims

Paragraph 12(c) of the June 02, 2020 Receivership Order states, "All creditors of Defendants, including, without limitation . . . employees (current or former) of Defendants or Subsidiary LLCs, are enjoined from . . . collecting or attempting to collect from the Receivership Estate or Defendants or Subsidiary LLCs." (Doc. 42 ¶ 12(c)). The Court amended the Receivership Order on September 29, 2020 to allow "Mr. Gerhard [to] enforce obligations of Defendant Shawn Eby to Mr. Gerhard." (Doc. 81).

The amendment to the Receivership Order on September 29, 2020 made no change to whether Movant could collect from the Receiver. The Movant does not present any facts or arguments to the contrary. As such, the Movant cannot show any basis for his recovery against the receiver. Accordingly, Movant cannot show that he is entitled to judgment as a matter of law.

### B. Pre-Receivership Claims

Pursuant to the Receivership Order, "the Receiver shall not pay . . . payables relating to periods prior to the Receiver's appointment as the Receiver unless, in Receiver's discretion, the same is necessary or desirable for the current and future operation and management of the Receivership Estate." (Doc. 42 ¶ 3(E)).

Movant incurred all requested expenses prior to the Receivership's June 02, 2020 appointment. (Doc. 91). Therefore, Movant can only receive payment at the Receiver's discretion. Here, Receiver objects to Movant's Motion for Summary Judgment on the same grounds as Receiver's previous objection to Movant's earlier Motion Request for Payment of Matthew Gerhard Losses and Expenses. (Doc. 135). The Receiver determined that the "payment of Mr. Gerhard's pre-receivership claim has no bearing on the current or future operations or management of the Receivership Estate." (Doc. 97). The Movant does not bring forth additional evidence or arguments to show he is entitled to judgment as a matter of law. Therefore, the Court denies summary judgment for Movant's pre-receivership

claims.

### C. Claim is not Entitled to Priority

The Receivership Order provides that:

> The Receiver shall pay only those bills that are reasonable and necessary for the operation or the protection of the Receivership Estate . . . and shall allocate funds in the following order of priority: (1) the costs and expense of the Receivership Estate including utilities, insurance premiums, general and special taxes or assessments levied on the real property and improvements thereon, receivership fees, professional fees, attorneys' fees, etc.; (2) the creation and retention by the Receiver of a reasonable working capital fund . . . ; and (3) amounts due to Plaintiff.

(Doc. 81 ¶ 9).

The Receiver contends Movant's claims do not fall in any of the three categories for priority. (Doc. 97). The Court agrees with the Receiver. Movant did not present any facts or evidence to show his expenses fell within any of the three priority categories. Thus, Movant's Motion for Summary Judgment must be denied.

### IV. CONCLUSION

For the above stated reasons,

**IT IS ORDERED** that Matthew Gerhard's Motion for Summary Judgment (Doc. 131) is **DENIED**.

**IT IS FURTHER ORDERED** that Matthew Gerhard's Motion Request for Payment of Matthew Gerhard Losses and Expenses (Doc. 91) is **DENIED**.

**IT IS FURTHER ORDERED** that Matthew Gerhard's Motion for Ruling (Doc. 109) is **GRANTED**.

Dated this 21st day of May, 2021.

Honorable Susan M. Brnovich
United States District Judge